```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
CHARLES CAMERON COHEN,                          :
                                                 :
                              Plaintiff,         :
                                                 :           1:16-cv-5505-GHW
         -v -                                    :
                                                 :           MEMORANDUM OPINION
                                                 :                AND ORDER
U.S. DEPARTMENT OF JUSTICE/ATF,                  :
BUREAU OF ALCOHOL, TOBACCO,                      :
FIREARMS, and EXPLOSIVES,                        :
                                                 :
                              Defendants.        :
-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

Plaintiff Charles Cameron Cohen, proceeding *pro se* and *in forma pauperis*, initiated this action on July 8, 2016. Although his complaint is not a model of clarity, Mr. Cohen appears to seek relief in the form of mandamus directing the Bureau of Alcohol, Tobacco, Firearms and Explosives to adjudicate his application for a federal firearms license. Dkt. No. 1. For the reasons stated below, this action is DISMISSED for failure to prosecute and for failure to comply with the Court's orders.

I. BACKGROUND

On November 29, 2016, the Court entered an order pursuant to Rule 16 of the Federal Rules of Civil Procedure directing the parties in this matter to appear in person for an initial pretrial conference on December 14, 2016 at 10:00 a.m. Dkt. No. 12. On December 5, 2016, Mr. Cohen submitted a letter to the Court stating: "I Charles Cohen case number 16cv5505 called the court on november 30, 2016 to find out the status of my case, I was told I have a pretrial on Dec 14, 2016 I do not want a pretrial, I want a court date." Dkt. No. 16. He further stated: "No pretrial, I want my license." *Id.* The Court took no action in response to Mr. Cohen's letter.

Mr. Cohen failed to appear for the December 14, 2016 conference. In light of Mr. Cohen's failure to appear, the Court issued an order on the same date adjourning the initial pretrial conference to December 22, 2016. Dkt. No. 18. In that order, the Court also warned Mr. Cohen

that "failure to comply with Court orders, including failure to appear at the December 22, 2016 conference without requesting and receiving an adjournment from the Court, may result in a dismissal of this action for failure to prosecute." *Id.* The order was mailed to Mr. Cohen by certified mail on the same day it was issued.

Mr. Cohen again failed to appear at the December 22, 2016 conference. He also failed to contact the Court or Defendants to request an adjournment of the conference. Accordingly, the Court issued another order stating that it would "provide Mr. Cohen with an additional chance to appear." Dkt. No. 19. That order adjourned the conference to January 12, 2017 and again warned Mr. Cohen that "further failure to comply with Court orders, including failure to appear at the January 12, 2017 conference without requesting and receiving an adjournment from the Court, may result in a variety of adverse consequences, including dismissal of this action for failure to prosecute." Dkt. No. 19. That order was mailed to Mr. Cohen by certified mail on December 23, 2016.

On January 12, 2017, and without having requested an adjournment, Mr. Cohen failed to appear for the initial pretrial conference in this matter for the third time.

## II. LEGAL STANDARD

### A. Rule 41(b)

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Although appellate courts apply a number of factors in reviewing a district court's decision

to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-cv-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

### B. Rule 16(f)

Fed. R. Civ. P. 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990) (citation omitted). The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Restaurant Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citation omitted).

The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum*

*of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

### III. DISCUSSION

The Court finds that dismissal of Mr. Cohen's complaint without prejudice pursuant to Rule 41(b) is warranted due to Mr. Cohen's failure to take meaningful steps to prosecute this action. The only step that Mr. Cohen has taken has been the filing of his complaint. And when the Court initiated the next step in his case by ordering the parties to appear at an initial pretrial conference, Mr. Cohen failed to cooperate. That Mr. Cohen's non-appearance was not inadvertent is clear from the letter that he submitted to the Court on December 5, 2016. Dkt. No. 16. Mr. Cohen's disinterest in proceeding with his case is further evidenced by his failure to appear once again on December 22, 2016 and for a third time on January 12, 2017.

The Court also finds that dismissal without prejudice pursuant to Fed. R. Civ. P. 16(f) is warranted. As the procedural history recounted above makes clear, Mr. Cohen has failed to comply with three orders of this Court. The Court has issued repeated warnings that failure to comply with the Court's orders could result in dismissal and has given Mr. Cohen three chances to comply. Moreover, Mr. Cohen's December 5, 2016 letter evidences the willfulness of his noncompliance. The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Mr. Cohen's demonstrated disinterest in prosecuting this case and the time he has wasted of both the defendants and the Court—that it is not. *See Miller v. City of New York*, No. 12-cv-2965, 2012 WL 5879471 (E.D.N.Y. Nov. 20, 2012) (dismissing *pro se* complaint for plaintiff's repeated failure to appear for in-court conferences).

### IV. CONCLUSION

Mr. Cohen's complaint is dismissed without prejudice for failure to prosecute and for failure to comply with numerous orders of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all pending motions and to close this case. The Clerk of Court is further directed to send a copy of this order to Mr. Cohen by certified mail.

SO ORDERED.

Dated: January 12, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge